Filed 12/13/24  Campos v. Mulligan-Pfile CA6

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SIXTH APPELLATE DISTRICT

| | |
|---|---|
| TARCICIO CAMPOS,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>ASHLEY MULLIGAN-PFILE,<br><br>    Defendant and Respondent. | H048950<br>(Monterey County<br> Super. Ct. No. 18CV001592) |

Tarcicio Campos, representing himself, appeals from a judgment of dismissal after an order granting Ashley Mulligan-Pfile's motion for summary judgment.  Campos, an inmate at the Correctional Training Facility in Soledad (Facility), filed a complaint for medical malpractice against Mulligan-Pfile, a doctor at the Facility who acted as Campos's primary care physician.  We understand Campos to contend on appeal that the trial court erred and denied him due process in entering summary judgment against him.  Campos argues that Mulligan-Pfile misled the court in her characterization of the adequacy and quality of her video examination of him; the evidence in Campos's medical file demonstrated that Mulligan-Pfile's delay in ordering a lower back X-ray caused him harm and constituted negligence; and the court impermissibly made a determination on his negligence claim rather than leaving the question to a jury.

For the reasons explained below, we affirm the judgment.

## I. FACTS AND PROCEDURAL BACKGROUND

A. *Facts*[1]

In July 2017,[2] Campos was seen on various days by medical staff at the Facility, including Mulligan-Pfile, for tingling in his left chest, arm, and face and for dizziness. Campos's vital signs and electrocardiogram (EKG) and neurological examination results were normal, and the symptoms he described were noncardiac in nature. Mulligan-Pfile concluded that the tingling was likely the result of an overuse injury based on Campos's exercise regimen and his dizziness was likely caused by earwax build-up in both ears. Mulligan-Pfile told Campos to modify his exercise regimen, prescribed ibuprofen as needed for pain, and prescribed medication and ordered an ear lavage to address his dizziness.

On September 5, Campos reported a headache on his left side that radiated down to his neck and left shoulder and occasional numbness in his left hand. Campos's vital signs and EKG readings were normal. Mulligan-Pfile instructed Campos to continue taking ibuprofen and notify staff if his symptoms worsened or if he experienced certain additional symptoms. Mulligan-Pfile saw Campos for a follow-up visit on September 11 to address his complaints of pain in his left arm and tingling in his face and ordered X-rays for Campos's chest, left shoulder, and cervical spine.

Campos underwent the ordered X-rays on September 15. On September 29, Mulligan-Pfile reviewed the X-rays with Campos and reported that they showed mild degenerative changes in his cervical spine, which could indicate mild cervical degenerative disc disease, but otherwise were normal. During this visit, Campos reported that he continued to experience intermittent symptoms in his left arm and that he was

---

[1] On appeal following the trial court's grant of summary judgment, "we take the facts from the record before the trial court when it ruled on that motion." (*State Dept. of Health Services v. Superior Court* (2003) 31 Cal.4th 1026, 1034–1035 (*State Dept. of Health Services*).)

[2] Unless otherwise indicated, all dates were in 2017.

experiencing lower back pain. Campos stated that he had been experiencing lower back pain for a while but did not report it earlier because " 'the chest pain was stronger.' " That same day, Mulligan-Pfile ordered X-rays of Campos's lumbar spine and referred him to physical therapy to address the changes to his cervical spine.

On October 3, Campos underwent X-rays of his lumbar spine. The X-rays showed Campos had mild, multi-level degenerative disc disease. Mulligan-Pfile referred him to physical therapy for evaluation and treatment of both his cervical spine issues and chronic lower back pain (also referred to as lumbago).

B. *Procedural Background*

On October 13, Campos filed a health care grievance with the California Correctional Health Care Services reporting "extreme" low back pain radiating up to his neck and numbness on the left side of his face and arm. He complained that Mulligan-Pfile ordered cervical spine, chest, and left shoulder X-rays but "refused" to order lower back X-rays and that the ibuprofen she prescribed was ineffective.

Campos requested "effective medication for pain," a lumbar brace, muscle rub, an MRI of his lower back, to "be temporarily medically unassigned," $50,000 in compensation, and medication for vertigo. Campos received an institutional level response on December 6, and a headquarters level response on March 20, 2018, which determined that he had received medically necessary evaluations and treatments and that the treatments he requested in his grievance were not clinically indicated. Both responses concluded that no intervention was required.

On November 8, Campos separately filed a government claim form against Mulligan-Pfile complaining that he suffered lower back pain radiating up to his neck area and mental distress as a result of "medical staff" at the Facility "refus[ing] to X-ray low back or give effective pain medication until Oct[ober] 2017" after he "fell while on job/work assignment" at a dining hall in the Facility, which "caus[ed] extreme pain to [his] lower back."

On May 3, 2018, Campos filed a complaint against Mulligan-Pfile alleging medical malpractice on the grounds that she refused his request to order an X-ray of his lower back until three months after a July 2017 fall that injured his lower back, prescribed ineffective medication to treat his dizziness and did not change the medication when Campos requested it, and prescribed only ibuprofen in response to his complaint of "sever[e] pain and discomfort." Campos sought a declaration that Mulligan-Pfile's acts and omissions constituted negligence and inflicted unnecessary mental distress on Campos, $50,000 in compensatory damages, and a jury trial.

Mulligan-Pfile filed a motion for summary judgment. She argued that there was no triable issue of any material fact because the undisputed evidence showed Campos did not report lower back pain until September 29, his government claim form did not raise a complaint regarding ineffective medication for dizziness, and he could not refute Mulligan-Pfile's expert testimony that she met or exceeded the standard of care when treating him. Mulligan-Pfile further argued that, as a matter of law, Campos could not bring a separate claim for intentional infliction of emotional distress based on the same facts as his claim for medical malpractice. In support of her motion for summary judgment, Mulligan-Pfile filed a separate statement of undisputed facts.

In his opposition, Campos argued he provided adequate notice of his claims against Mulligan-Pfile through his government claim form and administrative appeals. He further contended that factual disputes remained regarding whether the care Mulligan-Pfile provided him was adequate under the Eighth Amendment, Mulligan-Pfile's status as an expert, and the adequacy of a " 'physical exam' " conducted by video. In addition, he disputed as misleading Mulligan-Pfile's characterization of such video examinations as " 'enhance[d]' " (underscoring omitted). Campos did not respond to Mulligan-Pfile's separate statement of undisputed material facts.

In her reply, Mulligan-Pfile disputed Campos's arguments in his opposition and objected to Campos's assertion of a new theory of liability—deliberate indifference in

4

violation of the Eighth Amendment—in his opposition. In addition, Mulligan-Pfile objected to Campos's failure to respond to her separate statement of undisputed material facts and argued that the trial court should exercise its discretion in granting Mulligan-Pfile's motion pursuant to Code of Civil Procedure section 437c, subdivision (b)(3).[3]

On December 2, 2020, the trial court issued a written order granting Mulligan-Pfile's motion for summary judgment on the grounds that (1) Campos's government claim form did not mention dizziness; (2) the evidence demonstrated Mulligan-Pfile met the standard of care; (3) Campos did not assert a claim for deliberate indifference in his complaint and, thus, could not rely on that claim to oppose summary judgment; and (4) even if Campos had timely asserted a claim for deliberate indifference, the evidence showed that Mulligan-Pfile was not deliberately indifferent to Campos's medical needs. The court determined that there was no triable issue as to any material fact and that judgment as a matter of law in favor of Mulligan-Pfile was appropriate. The court concurrently entered a judgment dismissing Campos's action. Notice of entry of the order was filed and served on Campos on February 10, 2021.

On March 3, 2021, Campos timely appealed.[4]

---

[3] Code of Civil Procedure section 437c, subdivision (b)(3) states: "The opposition papers shall include a separate statement that responds to each of the material facts contended by the moving party to be undisputed, indicating if the opposing party agrees or disagrees that those facts are undisputed. The statement also shall set forth plainly and concisely any other material facts the opposing party contends are disputed. Each material fact contended by the opposing party to be disputed shall be followed by a reference to the supporting evidence. Failure to comply with this requirement of a separate statement may constitute a sufficient ground, in the court's discretion, for granting the motion."
Unspecified statutory references are to the Code of Civil Procedure.
[4] The notice of appeal indicates that Campos appeals from a judgment of dismissal after an order sustaining a demurrer but does not provide the date of the judgment or order. The civil case information statement indicates that he is appealing a judgment after an order granting a summary judgment motion, that the judgment was dated December 2, 2020, and that the notice of entry of judgment was served on February 10,

## II. DISCUSSION

Campos contends that the trial court was "unreasonable" in its grant of Mulligan-Pfile's motion for summary judgment because Mulligan-Pfile made a misleading statement regarding the adequacy and quality of medical examinations conducted using video, the trial court improperly made a determination on the question of negligence rather than focusing on "question[s] of law," and the evidence in the record demonstrated Campos's back pain was caused by medical negligence.

Mulligan-Pfile counters that, with respect to Campos's claims of medical malpractice, the undisputed material facts established that she met the standard of care. Mulligan-Pfile asserts that Campos waived his right to appeal the trial court's determination regarding his claim of intentional infliction of emotional distress because he did not address the issue in his opposition to the motion for summary judgment and, in any event, the undisputed material facts support summary adjudication of this claim. Mulligan-Pfile argues that Campos's claim for deliberate indifference was untimely and improper and, even if he had appropriately brought such a claim, the undisputed material facts also support summary adjudication with respect to this claim.

Campos did not file a reply brief in this court.

A. *Standard of Review*

Whether the trial court erred in granting a defendant's motion for summary judgment is a question of law subject to de novo review. (*Samara v. Matar* (2018) 5 Cal.5th 322, 338.) When reviewing an appeal after a motion for summary judgment has been granted, "we conduct the same procedure employed by the trial court. We examine

---

2021. Because it is reasonably clear Campos was appealing the trial court's grant of Mulligan-Pfile's motion for summary judgment, and Mulligan-Pfile does not contend she was misled or prejudiced in any way by Campos's error, we construe the notice of appeal to be from the judgment entered on February 10, 2021. (Cal. Rules of Court, rule 8.100(a)(2); *In re Joshua S.* (2007) 41 Cal.4th 261, 272.)

Unspecified rule references are to the California Rules of Court.

6

(1) the pleadings to determine the elements of the claim, (2) the motion to determine if it establishes facts justifying judgment in the moving party's favor, and (3) the opposition—assuming movant has met its initial burden—to 'decide whether the opposing party has demonstrated the existence of a triable, material fact issue.' " (*Oakland Raiders v. National Football League* (2005) 131 Cal.App.4th 621, 630 (*Oakland Raiders*).)

The party requesting summary judgment has the initial burden of demonstrating that a cause of action lacks merit because one or more elements of the cause of action cannot be established or there is a complete defense to that cause of action. (§ 437c, subd. (*o*); *Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 850 (*Aguilar*).) If the moving party makes a prima facie showing that justifies judgment in its favor, the burden shifts to the opposing party to make a prima facie showing of the existence of a triable issue of material fact. (§ 437c, subd. (p)(2); *Aguilar*, at p. 849.)

In determining whether the parties have met their respective burdens, we " 'consider[] all the evidence set forth in the moving and opposition papers except that to which objections were made and sustained.' " (*State Dept. of Health Services*, *supra*, 31 Cal.4th at p. 1035.) Summary judgment is warranted where there are no triable issues of material fact, and the moving party is entitled to judgment as a matter of law. (§ 437c, subd. (c).) "There is a triable issue of material fact if, and only if, the evidence would allow a reasonable trier of fact to find the underlying fact in favor of the party opposing the motion in accordance with the applicable standard of proof." (*Aguilar*, *supra*, 25 Cal.4th at p. 850.) "A party cannot avoid summary judgment by asserting facts based on mere speculation and conjecture, but instead must produce admissible evidence raising a triable issue of fact." (*LaChapelle v. Toyota Motor Credit Corp.* (2002) 102 Cal.App.4th 977, 981 (*LaChapelle*).)

"[I]t is a fundamental principle of appellate procedure that a trial court judgment is ordinarily presumed to be correct and the burden is on an appellant to demonstrate, on the

7

basis of the record presented to the appellate court, that the trial court committed an error that justifies reversal of the judgment." (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608–609, citing *Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) As the appellant, Campos bears the burden of showing that the trial court committed an error that justifies reversal of the judgment. (*Jameson*, at p. 609.)

"To demonstrate error, appellant must present meaningful legal analysis supported by citations to authority and citations to facts in the record that support the claim of error." (*In re S.C.* (2006) 138 Cal.App.4th 396, 408 (*S.C.*).) When an appellant asserts a point on appeal " 'but fails to support it with reasoned argument and citations to authority' " (*Nelson v. Avondale Homeowners Assn.* (2009) 172 Cal.App.4th 857, 862 (*Nelson*)) or fails to support it with appropriate record citations (*In re Marriage of Fink* (1979) 25 Cal.3d 877, 887 (*Fink*); rule 8.204(a)(1)(C)), this court may treat the point as forfeited. We are not required to search the record for error (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246 (*Nwosu*)) and "are not bound to develop appellants' arguments for them." (*In re Marriage of Falcone & Fyke* (2008) 164 Cal.App.4th 814, 830 (*Falcone & Fyke*).) In short, "conclusory claims of error will fail." (*S.C.*, at p. 408.)

In addition, an appellant must in his or her opening brief "[p]rovide a summary of the significant facts limited to matters in the record." (Rule 8.204(a)(2)(C).) The appellant "must fairly set forth all the significant facts, not just those beneficial to the appellant." (*S.C.*, *supra*, 138 Cal.App.4th at p. 402.) An appellant's brief " 'must' '[s]tate each point under a separate heading or subheading summarizing the point.' " (*Id.* at p. 408; rule 8.204(a)(1)(B).) "This is not a mere technical requirement; it is 'designed to lighten the labors of the appellate tribunals by requiring the litigants to present their cause systematically and so arranged that those upon whom the duty devolves of ascertaining the rule of law to apply may be advised, as they read, of the exact question under consideration, instead of being compelled to extricate it from the mass.' " (*S.C.*, at p. 408.)

These requirements apply with equal force to parties representing themselves. (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 984–985; *Falcone & Fyke*, *supra*, 164 Cal.App.4th at p. 830.)

B. *Analysis*

1. Noncompliant Briefing

Campos fails to support, with citations to evidence in the record, the factual assertions in his brief. Nor does he develop any legal argument or cite any legal authority to support his contentions.

His brief therefore does not comply with appellate court rules, which require parties to "[s]upport any reference to a matter in the record by a citation to the volume and page number of the record where the matter appears." (Rule 8.204(a)(1)(C); see also *Fink*, *supra*, 25 Cal.3d at p. 887.) Moreover, "[a]ppellate briefs must provide argument and legal authority for the positions taken" (*Nelson*, *supra*, 172 Cal.App.4th at p. 862), and a party who claims the trial court erred may not "rest on the bare assertion of error but must present argument and legal authority on each point raised."[5] (*Boyle v. CertainTeed Corp.* (2006) 137 Cal.App.4th 645, 649; see also *S.C.*, *supra*, 138 Cal.App.4th at p. 408 ["When a point is asserted without argument and authority for the proposition, 'it is deemed to be without foundation and requires no discussion by the reviewing court.' "].)

---

[5] In addition, Campos's brief does not include a statement setting forth the significant facts in the record, and those facts he does reference are impermissibly one-sided in that they favor only his arguments. (See rule 8.204(a)(2)(C); *Nwosu*, *supra*, 122 Cal.App.4th at p. 1246; *S.C.*, *supra*, 138 Cal.App.4th at p. 402.) Nor does his brief include any headings or subheadings that either summarize or suggest his arguments on appeal. (*In re Mark B.* (2007) 149 Cal.App.4th 61, 67, fn. 2 [a party forfeits an argument when it fails to raise it under a proper heading].)

Nevertheless, given that the parties have briefed the issues before us, we exercise our discretion to disregard Campos's noncompliance with the appellate briefing rules and address the merits of his claim.  (Rule 8.204(e)(2)(C).)

### 2. Motion for Summary Judgment

In his complaint, Campos asserted claims for medical malpractice and intentional infliction of emotional distress.  On appeal, he challenges the trial court's grant of the motion for summary judgment only in connection with the cause of action for medical malpractice as it pertains to his lower back injury.

" 'The elements of a cause of action for medical malpractice are:  (1) a duty to use such skill, prudence, and diligence as other members of the profession commonly possess and exercise; (2) a breach of the duty; (3) a proximate causal connection between the negligent conduct and the injury; and (4) resulting loss or damage.' " (*Lattimore v. Dickey* (2015) 239 Cal.App.4th 959, 968 (*Lattimore*).)

Campos contended that Mulligan-Pfile was negligent in the performance of her duties by waiting three months to order an X-ray of his lower back despite knowing he had a back injury.  He asserted that the delay caused him further injury.  He reiterates these arguments on appeal and argues that his medical file supports his position.

In her motion for summary judgment, Mulligan-Pfile asserted that there was no triable issue of material fact with respect to Campos's allegation of negligence in connection with the timing of the lower back X-ray order.  Campos's unit health record indicated that he first reported experiencing lower back pain during his appointment with Mulligan-Pfile on September 29.  Mulligan-Pfile ordered lumbar spine X-rays the same day.  Based on the foregoing, Mulligan-Pfile demonstrated that Campos cannot establish at least one of the elements of medical malpractice—namely, breach of duty.  We therefore turn to Campos's opposition to determine whether he " 'demonstrated the existence of a triable, material fact issue.' " (*Oakland Raiders*, *supra*, 131 Cal.App.4th at p. 630.)

10

In his opposition to Mulligan-Pfile's motion, Campos did not dispute that Mulligan-Pfile ordered the lower back X-rays on September 29 but argued that factual disputes remained regarding the adequacy of Mulligan-Pfile's care and video examination, as well as her status as an expert. However, Campos does not cite any evidence to support his arguments or to contradict Mulligan-Pfile's claims that she ordered lower back X-rays on the same day he first reported lower back pain and, thus, met the standard of care. Nor does our review of the record reveal any evidence that Mulligan-Pfile delayed ordering lower back X-rays after Campos first reported experiencing lower back pain, or that Campos reported such pain earlier than September 29. Indeed, the September 29 office visit notes documented Campos's statement that he did not report the lower back pain to the Facility's medical staff earlier "because 'the chest pain was stronger.' "

"[T]riable issues of fact can only be created by conflicting evidence" (*Lattimore*, *supra*, 239 Cal.App.4th at p. 967), and there is no conflicting evidence in the record before us regarding the time that elapsed between Campos's report of lower back pain and Mulligan-Pfile's submission of an order for a lower back X-ray. The only record references to Campos reporting lower back pain in July are Campos's allegations in his pleadings. As discussed *ante*, his contentions are unsupported by the evidence in the record. Campos "cannot avoid summary judgment" by relying on assertions not supported by admissible evidence in the record. (*LaChapelle*, *supra*, 102 Cal.App.4th at p. 981.) He thus failed to meet his burden of demonstrating the existence of a triable material fact. We affirm the trial court's grant of summary judgment to Mulligan-Pfile.

### III. DISPOSITION

The judgment is affirmed. In the interests of justice, the parties shall bear their own costs on appeal. (Cal. Rules of Court, rule 8.278(a)(5).)

11

_____
                              Danner, J.

WE CONCUR:

_____
Bamattre-Manoukian, Acting P. J.

_____
Wilson, J.

**H048950**
*Campos v. Mulligan-Pfile*